**JILL WILLIAMS-STATE BAR NO. 221793**
**ALEXANDER S. RYNERSON-STATE BAR NO. 329956**
**CARPENTER, ROTHANS & DUMONT LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA 90071**
**(213) 228-0400 / (213) 228-0401 (Fax)**
**JWilliams@CRDLaw.com; ARynerson@CRDLaw.com**

Attorneys for Defendants,
COUNTY OF LOS ANGELES, ROBERT LUNA, SERGEANT SANCHEZ,
And DEPUTY GURROLA,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLCOX and KATHLEEN ROSAS, in each case individually and as successor in interest to Ryan WILLCOX, deceased,<br><br>    Plaintiffs.<br><br>  v.<br><br>COUNTY OF LOS ANGELES; SERGIO ALOMA; ROBERT LUNA; DEPUTY QUIROZ (#617296); DEPUTY GUERRERO (#656468); DEPUTY JIMENEZ (#659993); SERGEANT SANCHEZ (#514312); DEPUTY GURROLA (#629159); DEPUTY RIOS (#661762); SERGEANT OHANDJANIAN (#466327); and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:24-cv-08790-SB-MAR<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEXANDER S. RYNERSON**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Date:  February 21, 2025<br>Time:  8:30 a.m.<br>Courtroom: 6C |

   PLEASE TAKE NOTICE that on February 21, 2025, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 6C of the United States District Court, Central District, Western Division, located at 350 W. First Street, Los Angeles, CA 90012, Defendants County of Los Angeles, Robert Luna, Sergeant Sanchez, and Deputy Gurrola ("Defendants") will and hereby do move for an order

1    dismissing claims of Plaintiff's Complaint for Damages.

2        This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6),

3    on the following grounds:

4        1.    As to Defendants Sheriff Robert Luna and Assistant Sheriff Sergio

5    Aloma; Claim 1 for Deniel of Medical Care, Claim 2 for Failure to Protect, Claim 3

6    for Substantive Due Process Violations, Claim 4 for Municipal Liability – Failure to

7    Train, Claim 5 for Monell liability; each fails to adequately allege said Defendants'

8    personal involvement in the acts alleged. Barren v. Harrington, 152 F.3d 1193, 1194

9    (9th Cir. 1998). Nor do said claims allege sufficient facts as to how said Defendants

10   ratified any of the alleged constitutional violations. Christie v. Iopa, 176 F.3d 1231,

11   1238-39 (9th Cir. 1999).

12       2.    As to Claims 1-9 against Sheriff Luna and Assistant Sheriff Aloma,

13   Plaintiff's allegations against said Defendants amount to claims for vicarious

14   liability for the alleged unconstitutional acts of subordinates, for which these

15   Defendants, acting in their professional capacities, cannot be vicariously liable.

16   Munoz v. Kolender, 208 F.Supp.2d 1125, 1150-51; Monell v. Dept. of Soc. Servs. of

17   N.Y., 436 U.S. 658, 691 (1978); Ashcroft v. Iqbal, 556 U.S. 662, 676. Similarly,

18   Plaintiff's allegations against said Defendants fail to allege sufficient facts to suggest

19   their personal involvement in the alleged constitutional violations such that they

20   cannot be liable in their personal capacities. Cavanaugh v. County of San Diego,

21   2020 WL 6703592 (S.D. Cal. 2020); Ashcroft v. Iqbal, 556 U.S. 662, 676.

22       3.    As to all 42 U.S.C. § 1983 Claims, the Complaint does not sufficiently

23   plead the personal involvement of each individual Defendant in deprivations of

24   Plaintiff's constitutional rights. Cavanaugh v. County of San Diego, 2020 WL

25   6703592 (S.D. Cal. 2020); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.

26   1998).

27       4.    As to Claims 6-9, as against Sheriff Luna and Assistant Sheriff Aloma,

28   the allegations imply the implementation of differing training or supervision on the

MOTION TO DISMISS PORTIONS OF THE COMPLAINT

parts of said Defendants – acts of discretion for which both Defendants are immune under California Government Code section 820.2. <u>See</u>, <u>e.g.</u>, <u>Estate of Abdollahi v. County of Sacramento</u>, 405 F.Supp.2d 1194, 1213-14.

5.      As to Claim 7 for Medical/Professional Malpractice under state law, said claim may only be brought against a "Health Care Provider" as defined under California Code of Civil Procedure section 364, subdivision (f)(1). None of the named Defendants qualify as "Health Care Providers." Cal. Code of Civ. Proc. § 364; <u>accord</u> 42 U.S.C. § 18122(2)(B). Similarly, a failure to summon immediate medical attention for an inmate, as alleged, does not render deputies or their supervisors "Health Care Providers," unless they are so licensed. <u>See</u> Cal. Gov. Code § 845.6. As such, none of the named Defendants owed Plaintiff a duty of professional medical competence, though such care – assumed arguendo – would be subject to immunity under California Government Code section 845.6. <u>See Castaneda v. Dept. of Corrections & Rehab.</u>, 212 Cal.App.4th 1051, 1073 (2013); <u>Accord</u>, <u>Nelson v. Prison Health Services, Inc.</u>, 991 F.Supp. 1452, 1466-67 (M.D. Fla. 1997).

6.      Claim 8, for Failure to Summon Medical Care under state law, fails to state a claim upon which relief may be granted because Plaintiff's own allegations set forth that medical care was summoned and *arrived* only 11 minutes after he was first observed to be in distress. Complaint, ¶¶ 24-27. As such, each Defendant is immune from suit under California Government Code section 844.6. <u>See</u>, <u>e.g.</u>, <u>Lawson v. Sup. Ct.</u>, 180 Cal.App.4th 1372, 1385 (2010); <u>accord</u> <u>Estate of Prasad ex rel Prasad v. County of Sutter</u>, 958 F.Supp.2d 1101, 1117-18.

7.      Claim 9, for Violation of the Bane Act, does not allege sufficient facts by which the Court might infer that the alleged constitutional interference was accomplished by threats, intimidation, or coercion. <u>Wiley v. Kern High School District</u>, 107 Cal.App.5th 765 (2024); <u>Cornell v. City & County of San Fran.</u>, 17 Cal.App.5th 766 (2017); <u>see</u>, <u>e.g.</u>, & <u>accord</u> <u>Black Lives Matter-Stockton Chapter v.</u>

MOTION TO DISMISS PORTIONS OF THE COMPLAINT

<u>San Joaquin County Sheriff's Office</u>, 398 F.Supp.3d 660, 680 (E.D. Cal. 2017).

This motion will be made and based on this Notice of Motion, the Memorandum of Points and Authorities, the attached Declaration of Alexander S. Rynerson, the pleadings and records on file with this court, any evidence of which the Court may take judicial notice prior to or at the time of hearing this matter, and upon such oral or documentary evidence as may be presented at the hearing of this motion.

This motion was filed following multiple meet and confer efforts, pursuant to Central District Local Rule 7-3, and this Court's standing order, starting with emailing a meet and confer letter on January 7, 2025, and continuing through multiple telephonic/video conferences until January 16, 2025. Plaintiff has thus far declined to amend the Complaint to address the issues raised by way of this Motion, though she has indicated she may be amenable to do so upon further research into the issues presented.

DATED:  January 20, 2025                    CARPENTER, ROTHANS & DUMONT LLP


                                     By:     /s/ *Alexander S. Rynerson*
                                             JILL WILLIAMS
                                             ALEXANDER S. RYNERSON
                                             Attorneys for Defendants

-4-

MOTION TO DISMISS PORTIONS OF THE COMPLAINT

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................. 1

II.   LEGAL STANDARD .......................................................... 1

III.  ARGUMENT .................................................................... 3

    A.   Plaintiff's Claims Under 42 U.S.C. § 1983 Against Sheriff Robert Luna and Assistant Sheriff Sergio Aloma Fail to Adequately Allege Their Personal Involvement or Ratification as Required ................................................................ 3

    B.   All Claims Against Sheriff Luna and Assistant Sheriff Aloma Fail to Allege Sufficient Facts to Impose Liability in Either Their Official or Personal Capacities ........................................ 5

    C.   Plaintiff Has Failed to Plead Sufficient Facts to Demonstrate Each Individual Defendant's Constitutional Violations ........... 6

    D.   Plaintiff's State Law Claims Against Sheriff Luna and Assistant Sheriff Aloma Concern Acts of Discretion for Which They are Immune ................................................................... 8

    E.   None of the Defendants May be Liable for Medical Malpractice Because They are not Health Care Providers ........................... 9

    F.   Plaintiff's State Law Claim for Failure to Summon Medical Care Fails Because Plaintiff Has Conceded that Defendants Promptly and Reasonably Summoned Medical Care ............. 10

    G.   Plaintiff's Claim for Violation of the Bane Act Does Not Allege any Facts Which Imply that the Alleged Constitutional Interference was Accomplished by Threats, Intimidation, or Coercion ................................................................. 11

IV.   CONCLUSION ............................................................... 12

MOTION TO DISMISS PORTIONS OF THE COMPLAINT

1

# TABLE OF AUTHORITIES

2

CASES

3    Aulston v. Blanchard,
          83 F.3d 1 (1st Cir. 1996)............................................................................3

4    Austin B. v. Escondido Union School Dist.,
          149 Cal.App.4th 860 (2007)....................................................................12

5

6    Barren v. Harrington,
          152 F.3d 1193 (9th Cir. 1998) ..................................................................7

7    Black Lives Matter-Stockton Chapter v. San Joaquin County Sheriff's Office,
          398 F.Supp.3d 660 (E.D. Cal. 2019) ......................................................12

8    Castaneda v. Dept. of Corrections & Rehab.,
          212 Cal.App.4th 1051 (2013) ........................................................9, 10, 12

9    Cavanaugh v. County of San Diego,
          2020 WL 6703592 (C.D. Cal. 2020) ......................................................6, 8

10

11   Cornell v. City & County of San Francisco,
          17 Cal.App.5th 766 (2017) ......................................................................12

12   Estate of Abdollahi v. County of Sacramento,
          405 F.Supp.2d 1194 (E.D. Cal. 2005) ......................................................8

13   Estate of Prasad ex rel Prasad v. County of Sutter,
          958 F.Supp.2d 1101 (E.D. Cal. 2013) ....................................................10

14   Fayle v. Stapley,
          607 F.2d 858 (9th Cir. 1979) ....................................................................3

15

16   Gompper v. VISX, Inc.,
          298 F.3d 893 (9th Cir. 2002) ....................................................................2

17   In re Gilead Sciences Sec. Litig.,
          536 F.3d 1049 (9th Cir. 2008) ..................................................................2

18   Jones v. Community Redevelopment Agency,
          733 F.2d 646 (9th Cir. 1984) ....................................................................7

19

20   Lawson v. Sup. Ct.,
          180 Cal.App.4th 1372 (2010) ..................................................................10

21   Leer v. Murphy,
          844 F.2d 628 (9th Cir. 1988) ....................................................................5

22   Meehan v. City of Culver City,
          856 F.2d 102 (9th Cir. 1988) ....................................................................6

23   Mendiondo v. Centinela Hosp. Med. Ctr.,
          521 F.3d 1097 (9th Cir. 2008) ..................................................................2

24

25   Miklosy v. Regents of University of Cal.,
          44 Cal.4th 876 (2008)................................................................................6

26   Monell v. Dept. of Soc. Servs. of N.Y.,
          436 U.S. 658 (1978) ..............................................................................5, 6

27   Munoz v. Kolender,
          208 F.Supp.2d 1125 (S.D. Cal. 2002) ......................................................6

28   Nelson v. Prison Health Services, Inc.,
          991 F.Supp. 1452 (M.D. Fla. 1997) ......................................................10

MOTION TO DISMISS PORTIONS OF THE COMPLAINT

Redman v. County of San Diego,
    942 F.2d 1435 (9th Cir. 1991) ..........................................................5, 6

Rise v. State of Oregon,
    59 F.3d 1556 (9th Cir. 1995) .................................................................5

Sanders v. Kennedy,
    794 F.2d 478 (9th Cir. 1986) .................................................................6

Scalia v. County of Kern,
    308 F.Supp.3d 1064 (E.D. Cal. 2018) .................................................10

Sprewell v. Golden State Warriors,
    266 F.3d 979 (9th Cir. 2001) .................................................................2

Taylor v. List,
    880 F.2d 1040 (9th Cir. 1989) ...............................................................3

Vance v. County of Santa Clara,
    928 F.Supp. 993 (N.D. Cal. 1996).......................................................7, 8

Venegas v. County of Los Angeles,
    153 Cal.App.4th 1230 (2007) ..............................................................12

Via v. City of Fairfield,
    833 F.Supp.2d 1189 (E.D. Cal. 2011) .................................................3, 5

Vivanco v. Cal. Dept. of Corrections & Rehabilitation,
    2017 WL 2547026 (E.D. Cal. 2017) ......................................................8

Watson v. State of Cal.,
    21 Cal.App.4th 836 (1993) ..............................................................10, 11

Wiley v. Kern High School District,
    107 Cal.App.5th 765 (2024)).............................................................12

Young v. City of Visalia,
    687 F.Supp.2d 1141 (E.D. Cal. 2009) ....................................................5

STATUTES

California Civil Code § 3333.2...................................................................9

California Code of Civil Procedure § 364.................................................9, 10

California Code of Civil Procedure § 845.6.................................................9

California Government Code § 815.2 ..........................................................5

California Government Code § 820.2 ..........................................................8

RULES

Fed. R. Civ. P.  8.......................................................................................2

Fed. R. Civ. P. 12.......................................................................................1

REGULATIONS

California Code of Regulations, Title 15, § 1030 ........................................8

MOTION TO DISMISS PORTIONS OF THE COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This civil action arises out of Ryan Willcox's suicide while in custody at the Twin Towers Correctional Facility following his lawful arrest on November 18, 2023.

As alleged in the Complaint, on January 7, 2024 at 4:02 p.m., Mr. Willcox was observed during a safety check sitting on the floor of his cell with a bed sheet wrapped around his neck, attached to the upper bunk. Correctional staff immediately freed Mr. Willcox and summoned medical aid, which arrived on the scene by 4:13 p.m. – only 11 minutes after Mr. Willcox was first found. Responding Fire Department personnel immediately tended to Mr. Willcox and confirmed a pulse. At 4:27 p.m., Mr. Willcox was transported to USC Hospital. On January 11, 2024, he passed away at USC Hospital with cause of death listed as anoxic encephalopathy due to suicidal hanging.

After Mr. Willcox's death, his parents, Plaintiffs Richard Willcox and Kathleen Rosas, brought this action, alleging a panoply of claims under state and federal law: (1) Denial of Medical Care, (2) Failure to Protect, (3) Substantive Due Process Violations, (4) Municipal Liability – Failure to Train, (5) <u>Monell</u> liability, (6) Wrongful Death under state law, (7) Medical Malpractice under state law, (8) Failure to Summon Medical Attention under state law, and (9) under state law for Violation of the Bane Act under state law.

Following unsuccessful meet and confer efforts, Defendants now bring this Motion to Dismiss.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. <u>Bell</u>

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); accord Mendiondo v. Centinela
Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

Federal Rule of Civil Procedure 8(a) provides that a "pleading that states a
claim for relief must contain . . . a short and plain statement of the claim showing
that the pleader is entitled to relief . . . ." The complaint must state facts sufficient to
show that a claim for relief is plausible on its face. Twombly, 550 U.S. 544, 570
(2007). The complaint need not include detailed factual allegations but must provide
more than a "formulaic recitation of the elements of a cause of action." Id. at 555.
"The plausibility standard is not akin to a 'probability requirement,' but it asks for
more than a sheer possibility that a defendant has acted unlawfully. Where a
complaint pleads facts that are 'merely consistent with' a defendant's liability, it
stops short of the line between possibility and plausibility of entitlement to relief."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations
omitted). While a complaint does not need detailed factual allegations to survive a
Rule 12(b)(6) motion, a plaintiff must provide grounds demonstrating its entitlement
to relief. Twombly, 550 U.S. at 555 (2007). Under the Supreme Court's decisions
in Twombly and Iqbal, this requires that the complaint contains "sufficient factual
matter ... to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at
678 (quoting Twombly, 550 U.S. at 570).

The Court must construe the complaint in the light most favorable to the
plaintiff, by accepting all allegations of material fact as true, and drawing all
reasonable inferences from well-pleaded factual allegations in favor of the plaintiff.
Gompper v. VISX, Inc., 298 F.3d 893, 896 (9th Cir. 2002). But the Court is not
required to accept as true legal conclusions couched as factual allegations. Iqbal, 556
U.S. at 678. The Court need not "accept as true allegations that are merely
conclusory, unwarranted deductions of fact, or unreasonable inferences." In re
Gilead Sciences Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citing Sprewell v.
Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)); See, Anderson v. Clow

MOTION TO DISMISS PORTIONS OF THE COMPLAINT

1  (In re Stac Elecs. Sec. Litig.), 89 F.3d 1399, 1403 (9th Cir. 1996) ("[c]onclusory

2  allegations of law and unwarranted inferences are insufficient to defeat a motion to

3  dismiss for failure to state a claim."); See also, Aulston v. Blanchard, 83 F.3d 1, 3

4  (1st Cir. 1996) (holding that courts need not "swallow the plaintiff's invective hook,

5  line, and sinker; bald assertions, unsupportable conclusions, periphrastic

6  circumlocutions, and the like need not be credited.").

7        Rather, "the Supreme Court has made it clear that threadbare allegations are

8  insufficient to unlock the doors of discovery for a plaintiff armed with nothing more

9  than conclusions." Via v. City of Fairfield, 833 F.Supp.2d 1189, 1196 (E.D. Cal.

10  2011) [referring specifically to Monell claims].

11  **III.    ARGUMENT**

12        **A.        Plaintiffs' Claims Under 42 U.S.C. § 1983 Against Sheriff Robert**

13              **Luna and Assistant Sheriff Sergio Aloma Fail to Adequately Allege**

14              **Their Personal Involvement or Ratification as Required**

15        To state a 42 U.S.C. § 1983 ("§ 1983") claim, a complaint must allege that a

16  defendant, while acting under color of state law, caused a deprivation of a plaintiff's

17  federal rights. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Individual

18  capacity liability under section 1983 arises only upon a showing of personal

19  participation in the deprivation of a federal right by the defendant. Barren v.

20  Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not

21  simply conclusions, that show that an individual was personally involved in the

22  deprivation of his civil rights. Liability under § 1983 *must be based on the personal*

23  *involvement of the defendant*." [emphasis added].); see, e.g, Fayle v. Stapley, 607

24  F.2d 858, 862 (9th Cir. 1979) ("We have held that in a Section 1983 action,

25  vicarious liability may not be imposed on a state or municipal official for acts of

26  lower officials in the absence of a state law imposing such liability.").

27        Here, to properly plead any claims under 42 U.S.C. section 1983, Plaintiffs

28  must allege the personal involvement of each defendant in the alleged constitutional

MOTION TO DISMISS PORTIONS OF THE COMPLAINT

1   violations. Plaintiffs' allegations establish that they have failed to do so.

2        Plaintiffs make clear that their theory of liability against Sheriff Luna and

3   Assistant Sheriff Aloma is based upon respondeat superior. Complaint, ¶¶ 11-12.

4   Plaintiffs incorrectly characterize each of the other individual Defendants as an

5   employee of Sheriff Luna and Assistant Sheriff Aloma and the Los Angeles County

6   Sheriff's Department. Complaint, ¶¶ 11-13. Plaintiffs, in a conclusory fashion, allege

7   that Luna and Aloma were deliberately indifferent to Mr. Willcox's medical and

8   mental health needs "when they failed to ensure that prompt and adequate medical

9   attention…" was provided. Complaint, ¶ 51. Plaintiffs claim that Luna and Aloma

10  are liable because they were "integral participants…," "or because they failed to

11  intervene…" Complaint, ¶ 68. Plaintiffs allege that said Defendants' involvement in

12  the alleged constitutional violation was "integral," but fails to explain how that is so.

13  Complaint, ¶ 56. Indeed, Plaintiffs allege no facts whatsoever as to Luna's or

14  Aloma's personal involvement. Complaint, ¶ 51. Plaintiffs offer no allegations to

15  support a claim for ratification of any subordinate's actions. See Complaint.

16        As to Monell liability, Plaintiffs allege upon information and belief that said

17  Defendants failed to adequately train the Deputy Defendants. Complaint, ¶¶ 85-86.

18  However, Plaintiffs do not allege any facts as to how either Defendant was

19  personally involved or responsible for training them. Ibid. Plaintiffs enumerate a

20  variety of alleged policy failures which they claim are a County-promulgated

21  custom. Complaint, ¶ 93. Plaintiffs claim that a case from 2015 – *seven years* before

22  Sheriff Luna took office – provided notice to Luna as to the inadequacy of the

23  County's purported policy. Complaint, ¶ 94. However, Plaintiffs do not provide any

24  allegations as to how Sheriff Luna might be aware of said case, nor how he has

25  implemented or continued any policies during his tenure. Ibid.

26        Plaintiffs' claims against Luna and Aloma are couched solely in conclusions

27  and speculation, which the Supreme Court has held are insufficient to bring any

28  claim under 42 U.S.C. § 1983. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988)

(summary judgment affirmed when plaintiff-inmates failed to allege facts which demonstrate "that any particular prison official was the actual and proximate cause of any constitutional violation."). Moreover, these allegations are particularly insufficient to plead a claim for Monell liability. Via v. City of Fairfield, 833 F.Supp.2d at 1196; see, e.g., Young v. City of Visalia, 687 F.Supp.2d 1141, 1149-50 (E.D. Cal. 2009) (dismissal with leave to amend Monell claim where complaint "does not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused Plaintiffs' harm.").

In consideration of the foregoing, dismissal of Claims 1-5 against Sheriff Luna and Assistant Sheriff Aloma is appropriate.

**B.      All Claims Against Sheriff Luna and Assistant Sheriff Aloma Fail to Allege Sufficient Facts to Impose Liability in Either Their Official or Personal Capacities**

"In a section 1983 action in [the Ninth] circuit, respondeat superior, or vicarious liability, may not be imposed in the absence of state law imposing such liability." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994). Indeed, "[i]t is well established that Section 1983 does not impose liability upon state officials for the acts of their subordinates under a respondeat superior theory of liability." Rise v. State of Oregon, 59 F.3d 1556, 1563 (9th Cir. 1995) (citing Monell v. Dept. of Soc. Servs. of N.Y., 436 U.S. 658, 691-94 (1978). Similarly, with respect to state law tort claims, only public entities – not individuals – may be vicariously liable for the acts of employees. See Cal. Gov. Code §§ 815.2(a), 820.8; Miklosy v. Regents of University of Cal., 44 Cal.4th 876, 900-901, and n. 8 (2008).

To avoid the respondeat superior bar, plaintiffs must establish the public official's direct liability through their *personal acts* which have a direct causal connection to the alleged constitutional violations at issue. See Sanders v. Kennedy,

MOTION TO DISMISS PORTIONS OF THE COMPLAINT

794 F.2d 478, 483 (9th Cir. 1986); <u>see also</u> <u>Cavanaugh v. County of San Diego</u>, 2020 WL 6703592 at 24-30 (C.D. Cal. 2020). "The requisite causal connection can be established … by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional injury." <u>Redman</u>, 942 F.2d at 1446 (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 473-44 (9th Cir 1978).

A review of the allegations germane to this issue (Complaint, ¶¶ 11-13, 51, 56, 85-86, 93-94) reveals that Plaintiffs have failed to allege any facts to establish a direct causal connection between a specific act by Luna or Aloma which caused the alleged constitutional violations. Nor have Plaintiffs alleged any specific custom or policy attributable to Luna or Aloma, as required to impose <u>Monell</u> liability. <u>Meehan v. City of Culver City</u>, 856 F.2d 102, 107 (9th Cir. 1988). Rather, Plaintiffs have alleged only Luna and Aloma's vicarious liability for all Claims. Plaintiffs have thus failed to allege sufficient facts to establish a causal connection between any act of Luna or Aloma, acting in their personal capacity, and the alleged constitutional violations, such that all Claims should be dismissed. <u>Munoz v. Kolender</u>, 208 F.Supp.2d 1125, 1149-50 (S.D. Cal. 2002).

Finally, Plaintiffs are also barred from bringing any claim against Luna or Aloma in their official capacities, as public officials acting in their official capacities "are not 'persons' amenable to suit for damages under 42 U.S.C. § 1983." <u>Munoz</u>, 208 F.Supp.2d at 1150. Absent a showing of direct liability through direct supervisory mismanagement or unconstitutional policy or custom, a Sheriff may not be held liable in his official capacity. <u>Id.</u> at 1151-52; <u>Monell</u>, 436 U.S. at 694.

## C.    Plaintiffs Have Failed to Plead Sufficient Facts to Demonstrate Each Individual Defendant's Alleged Constitutional Violations.

Individual capacity liability under section 1983 arises only upon a showing of personal participation in the deprivation of a federal right by the individual defendant. <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff

must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 *must be based on the personal involvement of the defendant*." (citing to <u>May v. Enomoto</u>, 663 F.2d 164, 167 (9th Cir. 1980) (emphasis added).); <u>E.g.</u>, <u>Vance v. County of Santa Clara</u>, 928 F.Supp. 993, 997 (N.D. Cal. 1996) (granting Motion to Dismiss when plaintiffs failed to identify how each of the individual defendants is alleged to have violated their civil rights). Such personal involvement must allege "with at least some degree of particularity overt acts in which these Defendants engaged." <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 651 (9th Cir. 1984).

Here, Plaintiffs' specific factual allegations of each individual Defendants' personal involvement are insufficient. Plaintiffs set forth the specific acts which the Deputy Defendants did in an effort to save Mr. Willcox's life upon first responding to his cell. Complaint, ¶ 25-26. Plaintiffs generically claim that each of the Deputy Defendants and Sergeant Defendants failed to monitor video feeds and conduct welfare checks, though all such allegations are couched upon information and belief as opposed to fact. Complaint, ¶¶ 30, 32.  They then go on to allege that each of these Defendants "made intentional decisions" that put Mr. Willcox "at a substantial risk of suffering serious harm," but fail to enumerate what those intentional decisions actually were. Complaint, ¶ 44. Plaintiffs' allegations, in sum, are generic, conclusory and fail to differentiate between the Deputy Defendants', the Sergeant Defendants', and the Doe Correctional Officers' individual roles in the alleged constitutional violation. <u>E.g.</u>, Complaint ¶ 63.

Plaintiffs' allegations fall far short of the requisite "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs." <u>Vance</u>, 928 F.Supp. at 997; <u>E.g.</u>, <u>Cavanaugh</u>, 2020 WL 6703592 at 27-28 (enumerating allegations which might satisfy the pleading standard set forth under <u>Iqbal</u>, and which relevantly include supervisory defendants' personal involvement in events, or specifically implemented policies); <u>compare with</u> <u>Vivanco v. Cal. Dept. of</u>

MOTION TO DISMISS PORTIONS OF THE COMPLAINT

<u>Corrections & Rehabilitation</u>, 2017 WL 2547026 (E.D. Cal. 2017) (claims against supervisory defendants after inmate hung himself with a bedsheet, preceded by numerous instances of neglect by correctional officers, was dismissed as against supervisory defendants for lack of specific facts demonstrating their personal involvement in the alleged deprivations). As such, these Claims should be dismissed.

> **D.** **Plaintiffs' State Law Claims Against Sheriff Luna and Assistant Sheriff Aloma Concern Acts of Discretion for Which They are Immune**

Under California Government Code section 820.2, public employees are immune from liability for any injury resulting from an exercise of discretion, whether or not such discretion may be abused. Policy decisions regarding jail programs, and specifically including suicide prevention programs, are the types of basic policy decisions that the legislature granted immunity for in section 820.2. <u>Barner v. Leeds</u>, 24 Cal.4th 676, 685 (2000); <u>see</u>, <u>e.g.</u>, <u>Estate of Abdollahi v. County of Sacramento</u>, 405 F.Supp.2d 1194, 1213-14 (E.D. Cal. 2005). While it is true that a correctional facility must establish a Suicide Prevention Program, the means and extent to which they are provided are not enumerated. Cal. Code of Regs., Tit. 15, § 1030. As such, the particulars of how the individual program components at each facility are implemented falls squarely in the discretion of administrators who execute policy decisions which must be tailored to the inmates present and degrees of care required. <u>See</u> <u>Barner v. Leeds</u>, 24 Cal.4th at 685.

Here, each of Plaintiffs' state law claims is brought against Sheriff Luna and Assistant Sheriff Aloma for acts of discretion for which they are immune from suit. For example, Plaintiffs allege that Luna and Aloma breached their duty of care to Mr. Willcox by failing to provide greater levels or different types of care as part of the facility's suicide prevention program, though such decisions are squarely within the ambit of California Government Code section 820.2. Complaint, ¶ 103. Plaintiffs provide no allegations as to how Luna or Aloma committed medical malpractice, nor

MOTION TO DISMISS PORTIONS OF THE COMPLAINT

how they personally failed to summon medical care. <u>See</u>, Complaint ¶¶ 109-122. Relative to Plaintiffs' Bane Act Claim, beyond qualifying the foregoing acts of discretion as reckless disregard for Mr. Willcox's constitutional rights, Plaintiffs offer no allegations as to how the acts of Luna or Aloma specifically violated Mr. Willcox's rights, let alone in a manner which might bring the claim outside of the scope of immunity. Complaint, ¶¶ 123-132.

Each of Plaintiffs' state law claims revolve around allegations of Luna and/or Aloma failing to exercise their discretion in a preferred manner relative to training prison personnel in suicide prevention. Each implicate the discretionary immunity afforded under California Government Code section 820.2. Each should be dismissed as to Luna and Aloma.

### E.    None of the Defendants May be Liable for Medical Malpractice Because They are not Health Care Providers

Professional negligence is defined under California law as "a negligent act or omission by a health care provider in the rendering of professional services, which act or omission is the proximate cause of personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed…" Cal. Civ. Code § 3333.2(j)(4); Cal. Code Civ. Proc. § 364(f)(2). A "Health Care Provider" is defined as any person licensed and certified through the State to provide health services. Cal. Civ. Code § 3333.2(j)(1); Cal. Code Civ. Proc. § 364(f)(1); <u>Accord</u>, 42 U.S.C. § 18122(2)(B). Sheriff's deputies and correctional officers, unless separately licensed as a "Health Care Provider," cannot be liable for providing or failing to provide medical care unless it is the result of a failure to take reasonable steps to summon medical care. Cal. Code Civ. Proc. § 845.6. Once medical care has been summoned, all omissions of care "fall under the rubric of obtaining or providing medical care, for which the State is immune." <u>Castaneda v. Dept. of Corrections & Rehab.</u>, 212 Cal.App.4th 1051, 1073 (2013).

///

MOTION TO DISMISS PORTIONS OF THE COMPLAINT

1   Correctional Officers, Sheriff Deputies, Sheriff Luna, and Assistant Sheriff

2   Aloma are not "Health Care Providers." Cal. Code Civ. Proc. § 364; <u>Accord</u>,

3   <u>Nelson v. Prison Health Services, Inc.</u>, 991 F.Supp. 1452, 1466-67 (M.D. Fla. 1997)

4   (holding that Sheriff was not a "Health Care Provider" within the meaning of a

5   Florida statute akin to Cal. Code Civ. Proc. § 364 such that he could not be liable for

6   medical malpractice). Nor do Plaintiffs contend that medical care was not

7   immediately summoned, and indeed have conceded that Defendants promptly

8   summoned medical care, which arrived only 11 minutes after Mr. Willcox was first

9   discovered. Complaint, ¶¶ 24-27. Accordingly, the exception to immunity afforded

10  by California Code of Civil Procedure section 845.6 does not apply. <u>Scalia v.</u>

11  <u>County of Kern</u>, 308 F.Supp.3d 1064, 1087 (E.D. Cal. 2018).

12    As none of the Defendants were licensed "Health Care Providers," and

13  because Plaintiffs have not offered allegations which might suggest otherwise, this

14  claim should be dismissed in its entirety. Furthermore, each Defendant is entitled to

15  immunity under California Code of Civil Procedure section 845.6.

16    **F. Plaintiffs' State Law Claim for Failure to Summon Medical Care**

17      **Fails Because Plaintiffs Have Conceded that Defendants Promptly**

18      **and Reasonably Summoned Medical Care**

19    Under California law, liability for Failure to Summon Medical Care requires

20  that Plaintiffs allege a failure to summon medical care, when the need for medical

21  care was immediate and apparent. <u>Watson v. State of Cal.</u>, 21 Cal.App.4th 836, 841

22  (1993). The duty to summon medical care does not extend to furnishing, monitoring,

23  following-up, or providing subsequent care for the same condition. <u>Castaneda</u>, 212

24  Cal.App.4th at 1074. Once medical care has been reasonably summoned, immunity

25  under California Code of Civil Procedure sections 844.6 and 845.6 applies. <u>See</u>

26  <u>Lawson v. Sup. Ct.</u>, 180 Cal.App.4th 1372, 1385 (2010); <u>accord</u> <u>Estate of Prasad ex</u>

27  <u>rel Prasad v. County of Sutter</u>, 958 F.Supp.2d 1101, 1117-18 (E.D. Cal. 2013).

28  ///

Plaintiffs have conceded that Defendant Rios first observed Mr. Willcox at approximately 4:00 p.m. (4:02 p.m.). Complaint, ¶ 25. After observing Mr. Willcox, Defendant Rios alerted Defendants Quiroz, Guerrero, Jimenez, and Sanchez, who responded and assisted in freeing him from the sheet. Complaint, ¶ 26.  Moreover, Plaintiffs allege that Fire Department personnel arrived by 4:13 p.m. – only 11 minutes after Defendant Rios first observed Mr. Willcox in distress. Complaint, ¶ 27.  These allegations foreclose a claim for failure to timely summon medical care under Government Code sections 844.6 and 845.6.

G.     **Plaintiffs' Claim for Violation of the Bane Act Does Not Allege any Facts Which Imply that the Alleged Constitutional Interference was Accomplished by Threats, Intimidation, or Coercion**

To state a claim under the Bane Act, a plaintiff must show: "(1) intentional interference or attempted interference with a state of federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." Wiley v. Kern High School District, 107 Cal.App.5th 765, at 11 (2024). Such requirements further the specified purpose of the Tom Bane Act, which is to combat *hate crimes*. Venegas v. County of Los Angeles, 153 Cal.App.4th 1230, 1242 (2007). The keystone to a Bane Act analysis in this instance is whether the alleged constitutional interference was accomplished by "threat, intimation, or coercion, or attempts to interfere by threat, intimidation, or coercion…" Cornell v. City & County of San Fran., 17 Cal.App.5th 766, 790-91 (2017); see also, Black Lives Matter-Stockton Chapter v. San Joaquin County Sheriff's Office, 398 F.Supp.3d 660, 680 (E.D. Cal. 2017).

Here, while an "intent" to violate the plaintiff's constitutional rights may be established through a theory of reckless disregard, a claim under the Bane Act must still be supported by allegations regarding the specific improper means used to accomplish the constitutional violation. Ibid. Plaintiffs' Bane Act claim fails because it is unsupported by any facts by which the Court might infer that the purported

constitutional violations were accomplished through threats, intimidation, or coercion. Complaint, ¶¶ 123-132. Moreover, Plaintiffs have provided absolutely no allegations regarding any conduct leading up to 4:02 p.m. on January 7, 2024; there are no allegations that Mr. Willcox was subject to threats, violence, or intimidation of any kind. Rather, the allegations suggest that the Deputy Defendants reasonably summoned medical attention and in fact saved Mr. Willcox from dying that day – a far cry from using improper means to violate Mr. Willcox's constitutional rights.

Thus, as Plaintiffs have failed to state any factual allegations regarding the use of improper means to violate his constitutional rights, this claim is properly dismissed.

## IV.  **CONCLUSION**

In light of the foregoing, Defendants submit that the allegations of the Complaint are insufficient to state any claim against any Defendant, and/or are lacking key elements and/or concern actions for which Defendants are immune. Defendants therefore respectfully request that the Court issue an order granting this motion to dismiss in its entirety.

DATED:  January 20, 2025              CARPENTER, ROTHANS & DUMONT LLP


By:    /s/ *Alexander S. Rynerson*
JILL WILLIAMS
ALEXANDER S. RYNERSON
Attorneys for Defendants

## **ATTESTATION OF WORD COUNT**

Pursuant to Federal Rule of Civil Procedure 27(d)(2)(A), I hereby attest that this Motion is 3,808 words long, excluding the attached Notice of Motion, Table of Contents, Table of Authorities, signatures, and this attestation. To arrive at this determination, I relied upon the word-processing program utilized to draft this Motion.

DATED:  January 20, 2025             CARPENTER, ROTHANS & DUMONT LLP


                                     By:    /s/ *Alexander S. Rynerson*
                                            JILL WILLIAMS
                                            ALEXANDER S. RYNERSON
                                            Attorneys for Defendants

-1-
ATTESTATION OF WORD COUNT

## **CERTIFICATION OF MEET AND CONFER EFFORTS**

I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.


DATED:  January 20, 2025                    CARPENTER, ROTHANS & DUMONT LLP



                                        By:    /s/ *Alexander S. Rynerson*
                                               JILL WILLIAMS
                                               ALEXANDER S. RYNERSON
                                               Attorneys for Defendants

-1-
CERTIFICATION OF MEET AND CONFER EFFORTS

## <u>DECLARATION OF ALEXANDER S. RYNERSON</u>

1.     I am an attorney at law duly licensed to practice before all courts in the State of California and the Central District of California, among others. If called upon as a witness I can and will testify to the following from my own personal knowledge.

2.     I provide this Declaration to explain the delay in filing this response to Plaintiff's Complaint, and the Plaintiffs' agreement to allow Defendants additional time to complete this Motion due to unprecedented weather disasters, power failures, and internet outages.

3.     On the evening of January 7, 2025, the Eaton Fire broke out in the foothills of Altadena, California, in significant part because of record-breaking gale force winds across all of Southern California, which stoked the fire into an urban firestorm.

4.     As a result, most of Altadena has been burned to ash. Multiple families within my extended family lost everything they owned except for what could be gathered in the few moments available before they were forced to flee.

5.     I am lucky in that I was only forced to evacuate. However, due to the aforementioned gale force winds affecting all of Southern California, I have had the electricity and internet at my home shut off for approximately seven days over the two weeks following the fire's ignition.

6.     I am currently housing three family members who lost their home near the intersection of Lake Avenue and Wapello Street in Altadena. This task has been considerably complicated by the fact that my house has lost power numerous times over the past weeks, which has forced me to procure and maintain a generator and keep fires going to keep us all warm.

7.     Though this Motion was originally due on January 14, 2025, in consideration of the foregoing, I requested and was kindly provided with an extension until Friday January 17, 2025 by Plaintiff's counsel of record, Renee

Masongsong. Unfortunately, due to further power and internet outages, I was forced to request an additional business day to file this Motion.  Because of this, Ms. Masongsong kindly agreed to a further extension to January 20, 2025.

8.     Finally, it is worth putting into written word the absolute professionalism and kindness of opposing counsel, who sympathized and accommodated my difficulties notwithstanding their understanding that I intended to bring a Motion to Dismiss. As always, Mr. Galipo and Ms. Masongsong are shining examples of professional courtesy and civility, and I sincerely thank them for their kindness and accommodation.

I swear under the penalty of perjury that the foregoing is both true and correct. Executed this January 20, 2025, in Lake Arrowhead, California.

Alexander S. Rynerson, Esq.

DECLARATION OF ALEXANDER S. RYNERSON