**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Darrell J. York (SBN 145601)
djylaw@gmail.com
**LAW OFFICE OF DARRELL J. YORK**
299 S. Main Street, 13th Floor
Salt Lake City, UT 84111
Tel: (661) 478-9640

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLCOX and KATHLEEN ROSAS, in each case individually and as successor in interest to Ryan Willcox, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES; DEPUTY D. BURMAK (#676810); DEPUTY QUIROZ (#617296); DEPUTY GUERRERO (#656468); DEPUTY JIMENEZ (#659993); SERGEANT SANCHEZ (#514312); DEPUTY GURROLA (#629159); DEPUTY RIOS (#661762); SERGEANT OHANDJANIAN (#466327); and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:24−cv−08790−SB−MAR <br><br> (*Hon. Judge Stanley Blumenfeld, Jr. Hon. Mag. Judge Rocconi*) <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date: March 28, 2025 <br> Time: 8:30 a.m. <br> Crtrm: 6C <br><br> **Original Complaint**: 10/11/2024 <br> **Responsive Pleading**: 1/20/2025 <br> **Trial (Proposed)**: 6/9/2026 |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's December 18, 2023, Order setting the Scheduling Conference (Dkt. 21), the early meeting of counsel has been conducted between counsel for Plaintiffs Richard Willcox and Kathleen Rosas ("Plaintiffs") and counsel for Defendants County of Los Angeles, Sergeant Sanchez, Deputy Gurrola, Deputy Quiroz, Deputy Jimenez, Deputy Rios, Deputy Guerrero, and Sergeant Ohandjanian.[1] The early meeting of counsel took place via phone conference on January 30, 2025, and was attended by Renee Masongsong of the Law Offices of Dale K. Galipo, counsel for Plaintiffs, and Jill Williams of Carpenter, Rothans & Dumont, counsel for Defendants.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

**(1)** **Subject Matter Jurisdiction**

Plaintiffs have filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that, based on the pleaded claims, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiffs' claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

**(2)** **Statement of the Case**

Plaintiffs' Summary: Plaintiffs allege the following in their initial Complaint: On or around January 11, 2024, Mr. Willcox passed away, giving rise to Plaintiffs'

---

[1] Plaintiffs filed a First Amended Complaint on February 10, 2025, removing Sheriff Luna and Assistant Sheriff Aloma as defendants, and adding Deputy Burmak as a defendant. As of the date of this report, Deputy Burmak has not been served.

claims alleged herein. Prior to Mr. Willcox passing away on January 11, 2024, he was housed in Module 251 of the Twin Towers Correctional Facility ("TTCF"), which houses inmates who are classified as "SMR" (Suicidal, Mental, Restraint), who are in administrative segregation due to suicidal thoughts and attempts. On January 7, 2024, at approximately 4:00 p.m., a correctional officer deputy observed Mr. Willcox sitting on the floor of his cell (#13) in Module 251 of the TTCF. At that time, Mr. Willcox had a bedsheet or portion of a bed sheet wrapped around his neck and tied to the top portion of his bunk bed. Mr. Willcox had committed suicide by hanging himself from the bunk bed using a bedsheet. Mr. Willcox was unresponsive. Los Angeles County Fire Department personnel responded at approximately 4:13 p.m. At approximately 4:27 p.m., Fire Department personnel stated that they found a pulse on Mr. Willcox and then transported him to LAC + USC Hospital.

   Sergeant Sanchez, Sergeant Ohandjanian, Deputy Gurrola, Deputy Quiroz, Deputy Jimenez, Deputy Rios, and Deputy Guerrero were on duty at TTCF at the time that Mr. Willcox hung himself. Based on the information known to Plaintiffs at this time, these deputies were responsible for monitoring Mr. Willcox, ensuring that he did not harm or kill himself, and ensuring that he received the proper medical and mental health treatment. On information and belief, Sergeants Sanchez and Ohandjanian were also responsible for supervising and training these deputies. Pursuant to Title 15 and basic police training, suicide watch protocols require frequent in-person monitoring of inmates at 15- or 20-minute intervals by jail staff. On information and belief, contrary to the suicide watch protocols, the cell into which the Deputy Defendants and Doe Correctional Officers placed DECEDENT did not contain a clear door or large window. Also on information and belief, contrary to the suicide watch protocols, the cell where Mr. Willcox was housed was not subject to full and continuous video monitoring of the entire cell by jail staff. On information and belief, the video feed was not continuously monitored by jail

staff, including the Deputy Defendants, Sergeant Defendants, and "Doe Correctional Officers.

Plaintiffs also allege that Defendants were aware of a long history of complete disregard to inmate safety and protection at Los Angeles County jails. Defendants were on notice of the dangers existing at TTCF through a long history of in-custody deaths. See *United States of America v. County of Los Angeles and Los Angeles County Sheriff Jim McDonnell*, United States District Court, Central District of California, Case No. 15-5903. On information and belief, since 2023, there have been approximately 60 in-custody deaths at County jails, many of them involving suicides. Specifically, Defendants were on notice that inmates on suicide might try to commit suicide using a bedsheet to hang themselves.

Plaintiffs further allege that each of the named and unnamed Defendants were integral participants in the denial of medical and mental health care, the failure to protect Mr. Willcox, the negligent treatment of Mr. Willcox, and other violations of Mr. Willcox's rights, or, alternatively, failed to intervene to prevent these violations, despite each Defendant having a responsibility and realistic opportunity to intervene to prevent these violations.

As a result of these allegations, Plaintiffs bring the following claims for relief; (1) Denial of Medical Care (42 U.S.C. § 1983); (2) Failure to Protect (42 U.S.C. § 1983); (3) Interference with Familial Relations (42 U.S.C. § 1983); (4) Supervisory Liability; (5) Municipal Liability – Failure to Train (42 U.S.C. § 1983); (6) Municipal Liability – Unconstitutional Custom, Policy, or Practice (42 U.S.C. § 1983); (7) Negligence (wrongful death and survival); (8) Negligence – Professional Medical Malpractice (wrongful death and survival); (9) Failure to Summon Medical Attention (Cal. Gov. § 845.6); (10) Violation of the Bane Act (Cal. Civ. Code § 52.1).

Defendants County of Los Angeles, Sergeant Sanchez, Deputy Gurrola, Deputy Quiroz, Deputy Jimenez, Deputy Rios, Deputy Guerrero, and Sergeant

Ohandjanian have been served, and all Defendants have joined in Defendants' Motion to Dismiss Portions of Plaintiffs' Complaint as their responsive pleading.

Defendant's Summary: On November 18, 2023, Ryan Willcox was arrested on charges of assault with a deadly weapon with a firearm and an outstanding parole warrant. After being medically cleared for booking, he was brought to the Los Angeles County Sheriff's Department Inmate Reception Center on November 21, 2023. He was ultimately housed in the Twin Towers Correction Facility. On January 7, 2024, during a Title XV safety check, Willcox was found hanging in his cell. Deputies immediately freed him and summoned emergency medical care for him. Willcox was transported by ambulance to the hospital, where he died on January 11, 2024. The defendants deny the plaintiffs' allegations as to liability and wrongdoing.

**(3) Damages/Insurance**

a. *Damages*

Plaintiffs claim general and special compensatory damages, according to proof at trial under federal and state law for his individual damages for Mr. Willcox's injuries, death, pre-death pain and suffering, and economic damages. Plaintiffs seek punitive and exemplary damages against the individual defendants. Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. § 1988 and under state law, costs and interests incurred.

Defendants presently have no information regarding Plaintiffs' claimed damages, but deny all liability and wrongdoing for any and all of Plaintiff's claims.

b. *Insurance*

The County of Los Angeles is permissibly self-insured pursuant to Government Code § 990.

**(4) Parties, Evidence, etc.**

*Parties*: The parties are Plaintiffs Richard Willcox and Kathleen Rosas, and Defendants County of Los Angeles, Sergeant Sanchez, Sergeant Ohandjanian,

Deputy Burmak, Deputy Gurrola, Deputy Quiroz, Deputy Jimenez, Deputy Rios, and Deputy Guerrero and Does 1-10. Does 1-10 include unidentified health care providers working at TTCF.

*Witnesses*: The percipient witnesses include the named defendants and unidentified inmates and correctional officers. Additional non-percipient witnesses may include expert witnesses such as a police practices expert and an expert psychologist, and witnesses on Plaintiffs' damages, cause and manner of death. The parties have not yet engaged in discovery and have not yet identified all other witnesses.

*Key Documents Plaintiffs May Use*: The key documents include County of Los Angeles Sheriff's Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, photographic evidence, EMT records, hospital records, the autopsy report, TTCF logs, County policies. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

*Key Documents Defendants May Use*: The key documents Defendants expect to use include Decedent's arrest and incarceration records, medical and mental health care records (both during his incarceration and prior), audio and/or video of the incident and the relevant times prior, photographic evidence, hospital records, safety check information, records pertaining to Plaintiffs' alleged damages, and other information obtained during discovery.

**(5)   Discovery**

a.   *Status of Discovery*

The parties have agreed to exchange initial disclosures on February 28, 2025. The parties have not completed any discovery at the time of the drafting of this report.

b.   *Discovery Plan*

1 | The parties have discussed the anticipated discovery and propose a discovery schedule set forth in "Exhibit A" attached hereto. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs.

Plaintiffs anticipate serving written discovery on Defendants to obtain County of Los Angeles Sheriff's Department records regarding the incident, witness and deputy statements, incident reports, audio and/or video of the incident, photographic evidence, the autopsy report, TTCF logs, County policies, medical records, and EMT records. Plaintiffs anticipate serving written interrogatories and requests for admission as well.

Plaintiffs intend to take the depositions of the named individual defendants and other TTCF personnel who were responsible for Mr. Willcox's care, supervision, and housing at the time of this incident. Plaintiffs may also depose EMTs, paramedics, and/or fire department personnel who arrived to provide medical attention to Mr. Willcox, as well as hospital personnel.

Plaintiffs also plan to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. This may include a police practices expert, an expert on custodial procedures, and experts in the field of psychology and/or mental health. The parties will also take the depositions of any experts or witnesses identified by the other.

Defendants will propound written discovery on Plaintiffs seeking information regarding Plaintiffs' theories of liability and alleged damages. Defendants will also subpoena relevant records of Plaintiffs and Decedent. Defendants will take Plaintiffs' depositions, as well as the depositions of any third-party witnesses and Plaintiffs' experts.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiffs may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, given the number of named defendants and potential witnesses. Defendants expect that Plaintiffs will seek documents and information that Defendants maintain are privileged and, to the extent Defendants believe production of that information is appropriate, will work with Plaintiffs regarding a protective order.

The parties propose a non-expert discovery cut-off of September 30, 2025, which is also as set forth in Exhibit A hereto.

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on December 15, 2025; Rebuttal Expert Disclosure on January 12, 2026; and Expert Discovery Cut-off of February 9, 2026. The dates for Initial and Rebuttal Expert Disclosure are also set forth in Exhibit A attached hereto.

The parties will simultaneously exchange their expert reports.

**(6)  Legal Issues**

1. Whether the individual defendants were deliberately indifferent to Mr. Willcox's serious medical needs;
2. Whether the individual defendants put Mr. Willcox at a substantial risk of suffering serious harm and/or failed to protect him from a known risk of serious harm in violation of his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment;
3. Whether the individual defendants interfered with Plaintiffs' familial relationship with Mr. Willcox in violation of their substantive due process rights;
4. Whether the County of Los Angeles and the Sergeant Defendants were deliberately indifferent to any obvious training needs of the deputy defendants;

5. Whether a County of Los Angeles custom, practice or policy led to a violation of Plaintiffs' or Decedent's constitutional rights;

6. Whether the individual defendants are entitled to qualified immunity;

7. Whether the individual defendants breached a duty owed to Mr. Willcox;

8. Whether the health care providers named as "doe defendants" are liable for medical malpractice negligence;

9. Whether the defendants are immune from liability for the state claims under relevant provisions of the California Government Code;

10. Whether any action of Defendants caused Decedent's death;

11. Whether the individual defendants acted with reckless disregard for Mr. Willcox's health and safety;

12. Whether the individual defendants denied medical care to Mr. Willcox, including in the form of suicide prevention

13. The nature and scope of Plaintiffs' damages; and

14. Whether Plaintiffs are entitled to punitive damages.

**(7)** **Motions**

a. *Procedural Motions*

The day before the filing of this report, on February 10, 2025, Plaintiffs filed a First Amended Complaint. Defendants' response is due February 24, 2025. Defendants are reviewing the First Amended Complaint to determine whether a Motion to Dismiss would be appropriate.

After reviewing Defendants' initial disclosures, Plaintiffs may file a motion to

amend their complaint (or seek a stipulation to do so) if additional involved correctional officers are discovered. Plaintiffs also anticipate moving to amend the complaint (or seeking a stipulation to do so) after discovering the names of the individuals referred to as "Doe Healthcare Providers" in Plaintiffs' First Amended Complaint.  The parties do not anticipate bringing any motions to transfer venue. The parties expect to file discovery motions as needed or to seek assistance from the Magistrate Judge via informal discovery conference.

    b. *Dispositive Motions*

  The defendants will likely file a Motion for Summary Judgment / Adjudication.  The parties have discussed potential motions and propose a deadline of March 5, 2026, to hear dispositive motions. This proposed date is also set forth in Exhibit A attached hereto.  The parties will work together to agree on a briefing schedule for any dispositive motion.

    c. *Class Certification Motion*

Not applicable.

**(8) Alternative Dispute Resolution (ADR)**

    a. *Prior Discussions*

  The parties have not had substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

    b. *ADR Selection*

  The parties are agreeable to participating in ADR Procedure No. 2 (appearance before neutral selected from Court's Mediation Panel). The parties will confer regarding a proposed mediator.  If mediation with the panel mediator is unsuccessful, the parties are also amenable to participating in a Settlement Conference before a Magistrate Judge.

**(9) Trial**

    a. *Proposed Trial Date*

The parties propose a trial start date of June 9, 2026. This date reflects the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or both parties; and lead trial counsel's current trial calendars for late 2025 and early 2026. Specifically, Plaintiffs' lead trial counsel, Mr. Galipo, has the following scheduling conflicts that would prevent the trial from commencing within 7-12 months of the initial responsive pleading (January 20, 2025): two trials commencing in the Central District in July 2025, with one of those trials continuing into August 2025; trial commencing in the Superior Court of California, County of Sacramento, in September 2025; five trials scheduled to occur in October 2025; three trials set to take place in November 2025; three trials scheduled to take place in December 2025; two trials scheduled to commence in January 2026; four trials scheduled for February 2026; three trials currently scheduled to occur in March 2026; three trials scheduled for April 2026; one trial set to take place in May 2026.

        b.    *Time Estimate*

The parties estimate the trial will take approximately five to seven court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

        c.    *Jury or Court Trial*

The parties request a trial by jury.

        d.    *Magistrate Judge*

The parties are not requesting to try the case before a magistrate judge.

        e.    *Trial Counsel*

Dale K. Galipo will be lead trial counsel for Plaintiffs. Jill Williams will be lead trial counsel for Defendants.

**(10)    Special Requests/Other Issues**

        a.    *Independent Expert or Master*

The parties agree that this case does not require an independent expert or

master.

        b.    *Manual for Complex Litigation*

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

        c.    *Other Issues*

None.

Respectfully submitted,

Dated: February 11, 2025    LAW OFFICES OF DALE K. GALIPO

By   */s/ Renee V. Masongsong*
    DALE K. GALIPO
    RENEE V. MASONGSONG
    Attorneys for Plaintiffs

Dated: February 11, 2025    LAW OFFICES OF DARRELL YORK

By   */s/ Darrell J. York*
    DARRELL J. YORK
    Attorneys for Plaintiffs

Dated: February 11, 2025    CARPENTER, ROTHANS & DUPONT LLP

By   */s/ Jill Williams*
    JILL WILLIAMS
    Attorneys for Defendants County of Los Angeles, et al.

# EXHIBIT A
# JUDGE STANLEY BLUMENFELD
# EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No.: | 2:24-cv-08790-SB-MAR |
|---|---|
| Case Name: | *Willcox v. County of Los Angeles, et al.* |

| Matter | Plaintiff(s)' Request | Defendant(s)' Request | Court's Order |
|---|---|---|---|
| _X_ Jury Trial *or*__ Court Trial Length: 5-7 days | 6/9/2026 | 6/9/2026 | |
| Final Pretrial Conference [L.R. 16] Hearing on Motions *In Limine* | 5/22/2026 | 5/22/2026 | |
| Trial Filings (2nd Set) | 5/8/2026 | 5/8/2026 | |
| Trial Filings (1st Set) | 4/24/2026 | 4/24/2026 | |
| ADR Cutoff | 11/3/2025 | 11/3/2025 | |
| Dispositive Motion Hearing Cutoff | 3/20/2026 | 3/20/2026 | |
| Expert Discovery Cutoff | 2/9/2026 | 2/9/2026 | |
| Rebuttal expert disclosure | 1/12/2026 | 1/12/2026 | |
| Initial expert disclosure | 12/15/2025 | 12/15/2025 | |
| Fact discovery cutoff | 9/30/2025 | 9/30/2025 | |
| Last Date to Add Parties or Amend Pleadings | 5/5/2025 | 5/5/2025 | |

ADR [L.R. 16-15] Settlement Choice:

　　_X_　Attorney Settlement Officer Panel

　　____　Private Mediation

　　____　Magistrate Judge