**JILL WILLIAMS-STATE BAR NO. 221793**
**ALEXANDER S. RYNERSON-STATE BAR NO. 329956**
**CARPENTER, ROTHANS & DUMONT LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA 90071**
**(213) 228-0400 / (213) 228-0401 (Fax)**
**JWilliams@CRDLaw.com; ARynerson@CRDLaw.com**

Attorneys for Defendants
County of Los Angeles, Deputy Quiroz, Deputy Guerrero,
Deputy Jimenez, Sergeant Sanchez, Deputy Gurrola,
Deputy Rios and Sergeant Ohandjanian

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLCOX and KATHLEEN ROSAS, in each case individually and as successor in interest to Ryan WILLCOX, deceased,<br><br>      Plaintiffs.<br><br>   v.<br><br>COUNTY OF LOS ANGELES; DEPUTY D. BURMAK (#676810); DEPUTY QUIROZ (#617296); DEPUTY GUERRERO (#656468); DEPUTY JIMENEZ (#659993); SERGEANT SANCHEZ (#514312); DEPUTY GURROLA (#629159); DEPUTY RIOS (#661762); SERGEANT OHANDJANIAN (#466327); and DOES 1-10, inclusive,<br><br>      Defendants. | Case No. 2:24-cv-08790-SB-MAR<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF FIRST AMENDED COMPLAINT FOR DAMAGES: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Date:      March 28, 2025<br>Time:     8:30 a.m.<br>Courtroom: 6C |

PLEASE TAKE NOTICE that on March 28, 2025, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 6C of the United States District Court, Central District, Western Division, located at 350 W. First Street, Los Angeles, CA 90012, Defendants County of Los Angeles, Deputy Quiroz, Deputy Guerrero, Deputy Jimenez, Sergeant Sanchez, Deputy Gurrola, Deputy Rios and

Sergeant Ohandjanian, will and hereby do move for an order dismissing portions of the First Amended Complaint.

This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), on the following grounds:

1.    Each claim brought under 42 U.S.C. § 1983 fails to allege sufficient facts to as to each Defendant's personal involvement in the acts alleged. <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>May v. Enomoto</u>, 633 F.2d 164 (9th Cir. 1980).

2.    Plaintiffs' claims for supervisory liability under 42 U.S.C. § 1983 as to the Sergeant Defendants and the County are supported only by conclusory allegations without sufficient factual support, which is insufficient to state a claim for supervisory liability under 42 U.S.C. § 1983. <u>Cunningham v. Gates</u>, 229 F.3d 1271, 1292 (9th Cir. 2000); accord, <u>Estate of Mendez v. City of Ceres</u>, 390 F.Supp.3d 1189 (E.D. Cal. 2019).

3.    Plaintiffs' claims for supervisory liability under 42 U.S.C. § 1983 as to the Sergeant Defendants, at best, concern mere negligence or a failure to act, which is insufficient to establish a supervisor's personal involvement or a direct causal connection between the supervisor's conduct and the alleged constitutional violation. <u>Wesley v. Davis</u>, 333 F.Supp.2d 888 (C.D. Cal. 2004); <u>Mitchell v. County of Contra Costa</u>, 600 F.Supp.3d 1018 (N.D. Cal. 2022) accord, <u>Serna v. Colorado Dept. of Corrections</u>, 455 F.3d 1146 (10th Cir. 2006).

4.    Claim 9, for Failure to Summon Medical Care under state law, fails to state a claim upon which relief may be granted because Plaintiffs' own allegations establish that medical care was summoned and *arrived* only 13 minutes after the decedent was first observed to be in distress. First Am. Compl., ¶¶ 24-27. As such, each Defendant is immune from suit under California Government Code section 844.6. <u>See</u>, <u>e.g.</u>, <u>Lawson v. Sup. Ct.</u>, 180 Cal.App.4th 1372, 1385 (2010); <u>accord Estate of Prasad ex rel Prasad v. County of Sutter</u>, 958 F.Supp.2d 1101, 1117-18.

5.      Claim 10, for violation of the Bane Act, does not allege sufficient facts by which the Court might infer that the alleged constitutional interference was accomplished by threats, intimidation, or coercion. <u>Wiley v. Kern High School District</u>, 107 Cal.App.5th 765 (2024); <u>Cornell v. City & County of San Fran.</u>, 17 Cal.App.5th 766 (2017); <u>see</u>, <u>e.g.</u>, & <u>accord</u> <u>Black Lives Matter-Stockton Chapter v. San Joaquin County Sheriff's Office</u>, 398 F.Supp.3d 660, 680 (E.D. Cal. 2017).

This motion will be made and based on this Notice of Motion, the Memorandum of Points and Authorities, the attached Declaration of Alexander S. Rynerson, the pleadings and records on file with this court, any evidence of which the Court may take judicial notice prior to or at the time of hearing this matter, and upon such oral or documentary evidence as may be presented at the hearing of this motion.

This motion was filed following multiple meet and confer discussions relative to identical issues presented in the original Motion to Dismiss Portions of Plaintiffs' Complaint, pursuant to Central District Local Rule 7-3, and this Court's standing order, starting with emailing a meet and confer letter on January 7, 2025, and continuing through multiple telephonic/video conferences until January 16, 2025. Following the filing of the First Amended Complaint, counsel for Defendants met and conferred in support of this Motion on February 17, 2025.  Plaintiffs did not respond.

DATED:  February 24, 2025            CARPENTER, ROTHANS & DUMONT LLP

                              By:    /s/ *Alexander S. Rynerson*
                                     JILL WILLIAMS
                                     ALEXANDER S. RYNERSON
                                     Attorneys for Defendants, County of Los
                                     Angeles, Deputy Quiroz, Deputy Guerrero,
                                     Deputy Jimenez, Sergeant Sanchez, Deputy
                                     Gurrola, Deputy Rios and Sergeant
                                     Ohandjanian

MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This civil action arises out of Ryan Willcox's suicide while in custody at the Twin Towers Correctional Facility following his lawful arrest on November 18, 2023.

As alleged in the First Amended Complaint, on January 7, 2024, at 4:02 p.m., Mr. Willcox was observed during a safety check sitting on the floor of his cell with a bed sheet wrapped around his neck, attached to the upper bunk. Correctional staff immediately freed Mr. Willcox and summoned medical aid, which arrived on the scene by 4:13 p.m. – only 11 minutes after Mr. Willcox was first found. Responding Fire Department personnel immediately tended to Mr. Willcox and confirmed a pulse. At 4:27 p.m., Mr. Willcox was transported to a hospital. On January 11, 2024, he passed away at the hospital.  The cause of death was determined to be anoxic encephalopathy due to suicidal hanging.

After Mr. Willcox's death, his parents, Plaintiffs Richard Willcox and Kathleen Rosas, brought this action, alleging a panoply of claims under state and federal law: (1) Denial of Medical Care (42 U.S.C. § 1983), (2) Failure to Protect (42 U.S.C. § 1983), (3) Interference with Familial Relations (42 U.S.C. § 1983), (4) Supervisory Liability (42 U.S.C. § 1983), (5) Municipal Liability – Failure to Train (42 U.S.C. § 1983), (6) <u>Monell</u> liability (42 U.S.C. § 1983), (7) Negligence under state law, (8) Medical Malpractice under state law, (9) Failure to Summon Medical Attention under state law, and (10) Violation of the Bane Act under state law.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>accord</u> <u>Mendiondo v. Centinela</u>

MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT

Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

Federal Rule of Civil Procedure 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The complaint must state facts sufficient to show that a claim for relief is plausible on its face. Twombly, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." Id. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a plaintiff must provide grounds demonstrating its entitlement to relief. Twombly, 550 U.S. at 555 (2007). Under the Supreme Court's decisions in Twombly and Iqbal, this requires that the complaint contains "sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

The Court must construe the complaint in the light most favorable to the plaintiff, by accepting all allegations of material fact as true, and drawing all reasonable inferences from well-pleaded factual allegations in favor of the plaintiff. Gompper v. VISX, Inc., 298 F.3d 893, 896 (9th Cir. 2002). But the Court is not required to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.  The Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)); see also Anderson v. Clow (In re Stac Elecs. Sec. Litig.), 89 F.3d 1399, 1403 (9th Cir. 1996)

MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT

("[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."); <u>Aulston v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (holding that courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited."). Rather, "the Supreme Court has made it clear that threadbare allegations are insufficient to unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Via v. City of Fairfield</u>, 833 F.Supp.2d 1189, 1196 (E.D. Cal. 2011) [referring specifically to <u>Monell</u> claims].

## III.  ARGUMENT

### A.  Plaintiffs' Claims Under 42 U.S.C. § 1983 Fail to Allege Sufficient Facts as to Each Defendant's Personal Involvement in the Alleged Constitutional Violations

Individual capacity liability under section 1983 arises only upon a showing of personal participation in the deprivation of a federal right by the individual defendant. <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 *must be based on the personal involvement of the defendant*." (citing to <u>May v. Enomoto</u>, 663 F.2d 164, 167 (9th Cir. 1980) (emphasis added).); <u>see</u>, <u>e.g.</u>, <u>Vance v. County of Santa Clara</u>, 928 F.Supp. 993, 997 (N.D. Cal. 1996) (granting Motion to Dismiss when plaintiffs failed to identify how each of the individual defendants is alleged to have violated their civil rights). Such personal involvement must allege "with at least some degree of particularity overt acts in which these Defendants engaged." <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 651 (9th Cir. 1984).

Here, Plaintiffs' specific factual allegations of each individual Defendant's personal involvement are insufficient. Plaintiffs set forth the specific acts which the Deputy Defendants did in an effort to save Mr. Willcox's life upon first responding

MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT

to his cell. First Am. Compl., ¶ 25-26. Plaintiffs generically claim that all of the Deputy Defendants and Doe Defendants were responsible for the general operations of the TTCF, and failed to perform their duties by failing to monitor video feeds, conduct welfare checks, and ensure Mr. Willcox's cell was compliant with unarticulated suicide watch protocols. First Am. Compl., ¶¶ 30-32.  They then go on to allege that each of these Defendants "made intentional decisions" that put Mr. Willcox "at a substantial risk of suffering serious harm," but fail to enumerate what those intentional decisions actually were. First Am. Compl., ¶ 48. Plaintiffs' allegations, in sum, are generic, conclusory and fail to differentiate between the Deputy Defendants', the Sergeant Defendants', and the Doe Correctional Officers' individual roles in the alleged constitutional violations.

Plaintiffs also allege that on the date of the incident Defendant Burmak observed Mr. Willcox on the floor of his cell in the middle of an attempt to commit suicide. First Am. Compl., ¶ 25. Plaintiffs allege that Defendants Burmak, Rios, Quiroz, Guerrero, and Jimenes were responsible for monitoring Mr. Willcox at the time. First Am. Compl., ¶ 25.  Solely upon information and belief, without any supporting facts, Plaintiffs claim that none of the Defendants conducted a check on Mr. Willcox within fifteen minutes prior to Defendant Burmak's discovery. First Am. Compl., ¶ 25. Plaintiffs then allege without any supporting facts that the Defendants cut Mr. Willcox down callously and without any regard to his health, safety, or dignity. First Am. Compl., ¶ 26.

Plaintiffs' allegations fall far short of the requisite "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs." Vance, 928 F.Supp. at 997; see also, Cavanaugh v. County of San Diego, 2020 WL 6703592 at 27-28 (enumerating allegations which might satisfy the pleading standard set forth under Iqbal, and which relevantly include supervisory defendants' personal involvement in events, or specifically implemented policies); compare with Vivanco v. Cal. Dept. of Corrections & Rehabilitation, 2017 WL 2547026 (E.D. Cal.

MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT

2017) (claims against supervisory defendants after inmate hung himself with a bedsheet, preceded by numerous instances of neglect by correctional officers, was dismissed as against supervisory defendants for lack of specific facts demonstrating their personal involvement in the alleged deprivations). Plaintiffs merely lump all of the numerous Defendants together in the alleged acts without stating what each individual Defendant did that led to the alleged constitutional violation, which cannot support a claim under 42 U.S.C. § 1983.

Additionally, Plaintiffs' claims are couched solely in conclusions and speculation, which the Supreme Court has held are insufficient to bring any claim under 42 U.S.C. § 1983. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (summary judgment affirmed when plaintiff-inmates failed to allege facts which demonstrate "that any particular prison official was the actual and proximate cause of any constitutional violation."). These allegations are insufficient to plead a claim for Monell liability as against the County. Via v. City of Fairfield, 833 F.Supp.2d at 1196; see, e.g., Young v. City of Visalia, 687 F.Supp.2d 1141, 1149-50 (E.D. Cal. 2009) (dismissal with leave to amend Monell claim where complaint "does not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused Plaintiffs' harm.").

Plaintiffs' claims thus fails to allege facts beyond mere conclusions which establish what each Defendant did to cause Mr. Willcox's alleged constitutional violations. Said claims may therefore be properly dismissed.

**B.    Plaintiffs' Claims for Supervisory Liability under 42 U.S.C. § 1983 are Conclusory and Devoid of Factual Support**

To state a claim for supervisory liability under 42 U.S.C. § 1983, a plaintiff must plead factual allegations that establish the supervisor's own culpable acts or omissions in the training, supervision, or control of subordinates; or their acquiescence in the constitutional deprivation; or conduct which demonstrates a

1  reckless or callous indifference to the rights of others. <u>Cunningham v. Gates</u>, 229

2  F.3d 1271, 1292 (9th Cir. 2000) [referencing <u>Larez v. City of Los Angeles</u>, 946 F.2d

3  630, 646 (9th Cir. 1991)].

4          Plaintiffs allege that the Sergeant Defendants should have known that Mr.

5  Willcox was suicidal at the time of the incident. First Am. Compl., ¶ 23. Plaintiffs

6  allege that Sergeant Sanchez responded to Mr. Willcox's cell alongside Deputies

7  Rios, Quiroz, Guerrero, and Jimenez, but do not state any facts as to what Sergeant

8  Sanchez did, and in fact only refer to the actions of the Deputy Defendants. First

9  Am. Compl., ¶ 26. Upon information and belief, without any supporting facts,

10 Plaintiffs allege that the Sergeant Defendants, Deputy Defendants, and Doe

11 Defendants did not monitor Mr. Willcox, but do not allege within the First Amended

12 Complaint how or why the Sergeant Defendants were expected to monitor him.

13 FAC, ¶ 31. Plaintiffs allege upon information and belief, without any supporting

14 facts, that the Sergeant Defendants failed to ensure that Mr. Willcox's cell was

15 compliant with suicide watch protocols. First Am. Compl., ¶ 32. Plaintiffs allege that

16 the Sergeant Defendants also failed to properly train and supervise the Deputy

17 Defendants, though they do not state any facts to demonstrate the same. First Am.

18 Compl., ¶ 37.

19         The foregoing allegations are insufficient to allege a claim for supervisory

20 liability under 42 U.S.C. § 1983. For example, in the matter of <u>Estate of Mendez v.</u>

21 <u>City of Ceres</u>, 390 F.Supp.3d 1189 (E.D. Cal. 2019), the court compared the

22 holdings of <u>Starr v. Baca</u>, 652 F.3d 1202 (9th Cir. 2011) [holding claim for

23 supervisory liability sufficient when supported by allegations which went "well

24 beyond" mere recitation of the elements of a claim], and <u>Keates v. Koile</u>, 883 F.3d

25 1228 (9th Cir. 2018) [holding claim for supervisory liability insufficient when

26 complaint contains no factual allegations to establish a defendant's direct

27 involvement in unconstitutional conduct]. The <u>Mendez</u> court, adopting the rationale

28 of <u>Keates</u> in granting defendant's motion to dismiss, determined that the plaintiff's

MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT

conclusory allegations that a supervisor promulgated unconstitutional policies failed
to state a claim for supervisory liability. Mendez, at 1213. This is precisely what is
addressed here, as Plaintiffs merely lumped together the Sergeant Defendants with
the Deputy Defendants without any facts which might establish what each of the
Sergeant Defendants allegedly did to impose supervisory liability. Moreover,
Plaintiffs' claims that the Sergeant Defendants failed to supervise or train the Deputy
Defendants is unsupported by any factual allegations. Plaintiffs' allegations do not
plausibly demonstrate the Sergeant Defendants' knowledge of the alleged
constitutional violations, their knowledge of the same, their inaction, or their
deliberate indifference as required to state a claim for supervisory liability. Ibid.

### C. Plaintiffs' Allegations in Support of Their Claim for Supervisory Liability under 42 U.S.C. § 1983 Concern General Duties to Supervise the Operations of the Facility, Which are Insufficient to Plead Such a Claim

"In order to impose liability under section 1983 on an individual defendant,
the defendant's act or omission must cause the deprivation of the plaintiff's
constitutional rights. The element of causation is 'individualized and focus[es] on
the duties and responsibilities *of each individual defendant* whose acts or omissions
are alleged to have caused a constitutional deprivation. Wesley v. Davis, 333
F.Supp.2d 888, 892 (C.D. Cal. 2004) [quoting Leer v. Murphy, 844 F.2d 628, 633
(9th Cir. 1988) [emphasis added]. Supervisors cannot be "vicariously liable for the
fault of personnel" at a prison under section 1983. Hunt v. Dental Dep't, 865 F.2d
198, 200 (9th Cir. 1989); see also, Hansen v. Black, 885 F.2d 642, 645 (9th Cir.
1989) ["supervisory officials are not liable for actions of subordinates on any theory
of vicarious liability."]. Rather, to plead a claim for supervisory liability, the
plaintiffs must allege facts demonstrating the supervisor's personal involvement in
the constitutional deprivation, or a sufficient causal connection between the
supervisor's wrongful conduct and the constitutional violation. Hansen, 885 F.2d at

MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT

646. The "sufficient causal connection" may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Ibid. However, an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." Wesley, 333 F.Supp.2d at 892 [quoting Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987).

Here, Plaintiffs' allegations regarding the Sergeant Defendants amount to nothing more than claimed negligence in supervising the operations of the TTCF. First Am. Compl., ¶¶ 31, 32, 34, 35. Plaintiffs make clear that their theory of liability against the Sergeant Defendants is limited to instances of negligent supervision of TTCF's operations. First Am. Compl., ¶¶ 36-37; 92-100. At best, Plaintiffs' allegations establish that Sergeant Sanchez was present when the Deputy Defendants cut Mr. Willcox down in an allegedly callous fashion, but they do not plead any facts as to his personal involvement in cutting him down, nor a causal connection between Sergeant Sanchez's (unarticulated) wrongful conduct, and the alleged constitutional violation. First Am. Compl., ¶ 26.

Thus, Plaintiffs' allegations essentially distill down to a theory of the Sergeant Defendants' vicarious liability for the actions of their subordinates. Such a claim necessarily fails.

**D.    Plaintiffs' State Law Claim for Failure to Summon Medical Care Fails Because Plaintiffs Have Conceded that Defendants Promptly and Reasonably Summoned Medical Care Such that Immunity Applies**

Under California law, liability for Failure to Summon Medical Care requires that Plaintiffs allege a failure to summon medical care, when the need for medical care was immediate and apparent. Watson v. State of Cal., 21 Cal.App.4th 836, 841 (1993). The duty to summon medical care does not extend to furnishing, monitoring, following up, or providing subsequent care for the same condition. Castaneda, 212

MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT

Cal.App.4th at 1074. Once medical care has been reasonably summoned, immunity under California Code of Civil Procedure sections 844.6 and 845.6 applies. See Lawson v. Sup. Ct., 180 Cal.App.4th 1372, 1385 (2010); accord Estate of Prasad ex rel Prasad v. County of Sutter, 958 F.Supp.2d 1101, 1117-18 (E.D. Cal. 2013).

Plaintiffs conceded that Deputy Burmak first observed Mr. Willcox at approximately 4:00 p.m. First Am. Compl., ¶ 25. After observing Mr. Willcox, Deputy Burmak alerted Deputies Rios Quiroz, Guerrero, Jimenez, and Sergeant Sanchez, who responded and assisted in freeing him from the sheet. First Am. Compl., ¶ 26.  Moreover, Plaintiffs allege that Fire Department personnel arrived by 4:13 p.m. – only 11 minutes after Deputy Burmak first observed Mr. Willcox in distress. Complaint, ¶ 27.  These allegations foreclose a claim for failure to timely summon medical care under Government Code sections 844.6 and 845.6.

**E.    Plaintiffs' Claim for Violation of the Bane Act Does Not Allege any Facts Which Imply that the Alleged Constitutional Interference was Accomplished by Threats, Intimidation, or Coercion**

To state a claim under the Bane Act, a plaintiff must show: "(1) intentional interference or attempted interference with a state of federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." Wiley v. Kern High School District, 107 Cal.App.5th 765, at 11 (2024). Such requirements further the specified purpose of the Tom Bane Act, which is to combat *hate crimes*. Venegas v. County of Los Angeles, 153 Cal.App.4th 1230, 1242 (2007). The keystone to a Bane Act analysis in this instance is whether the alleged constitutional interference was accomplished by "threat, intimation, or coercion, or attempts to interfere by threat, intimidation, or coercion…" Cornell v. City & County of San Fran., 17 Cal.App.5th 766, 790-91 (2017); see also, Black Lives Matter-Stockton Chapter v. San Joaquin County Sheriff's Office, 398 F.Supp.3d 660, 680 (E.D. Cal. 2017).

Here, while an "intent" to violate the plaintiff's constitutional rights may be

MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT

established through a theory of reckless disregard, a claim under the Bane Act must still be supported by allegations regarding the specific improper means used to accomplish the constitutional violation. Ibid. Plaintiffs' Bane Act claim fails because it is unsupported by any facts by which the Court might infer that the purported constitutional violations were accomplished through threats, intimidation, or coercion. Complaint, ¶¶ 158-171. Moreover, Plaintiffs provided no allegations that Mr. Willcox was subject to threats, violence, or intimidation of any kind. Rather, the allegations suggest that the Deputy Defendants reasonably summoned medical attention and in fact saved Mr. Willcox from dying that day – a far cry from using improper means to violate his constitutional rights.

## IV.    **CONCLUSION**

In light of the foregoing, Defendants submit that the allegations of the First Amended Complaint are insufficient to state certain claims and/or are lacking key elements. Defendants therefore respectfully request that the Court issue an order granting this motion to dismiss in its entirety.


DATED:  February 24, 2025              CARPENTER, ROTHANS & DUMONT LLP



By:    /s/ *Alexander S. Rynerson*
       JILL WILLIAMS
       ALEXANDER S. RYNERSON
       Attorneys for Defendants

-10-

MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTESTATION OF WORD COUNT

Pursuant to Federal Rule of Civil Procedure 27(d)(2)(A), I hereby attest that this Motion is 3,109 words long, excluding the attached Notice of Motion, signatures, and this attestation. To arrive at this determination, I relied upon the word-processing program utilized to draft this Motion.


DATED:  February 24, 2025              CARPENTER, ROTHANS & DUMONT LLP



                              By:    /s/ Alexander S. Rynerson
                                     JILL WILLIAMS
                                     ALEXANDER S. RYNERSON
                                     Attorneys for Defendants, County of Los Angeles, Deputy Quiroz, Deputy Guerrero, Deputy Jimenez, Sergeant Sanchez, Deputy Gurrola, Deputy Rios and Sergeant Ohandjanian

ATTESTATION OF WORD COUNT

1   **<u>CERTIFICATION OF MEET AND CONFER EFFORTS</u>**

2        I certify that the parties met and conferred via telephone and letter, thoroughly

3   discussed each and every issue raised in Defendant's original motion to dismiss, and

4   attempted in good faith to resolve that motion in whole or in part. Though the issues

5   raised by way of this Motion are substantially similar to those raised by Defendant's

6   original motion to dismiss, I certify that the parties met and conferred via letter once

7   again and I requested that we discuss over the phone or via videoconference.

8   Plaintiff's counsel did not respond.

9

10  DATED:  February 24, 2025                    CARPENTER, ROTHANS & DUMONT LLP

11

12

13                                  By:    /s/ *Alexander S. Rynerson*
                                           JILL WILLIAMS
14                                         ALEXANDER S. RYNERSON
                                           Attorneys for Defendants, County of Los
15                                         Angeles, Deputy Quiroz, Deputy Guerrero,
                                           Deputy Jimenez, Sergeant Sanchez, Deputy
16                                         Gurrola, Deputy Rios and Sergeant
                                           Ohandjanian
17

18

19

20

21

22

23

24

25

26

27

28

-1-

CERTIFICATION OF MEET AND CONFER EFFORTS