JILL WILLIAMS - State Bar No. 221793
ALEXANDER S. RYNERSON – State Bar No. 329956
CARPENTER, ROTHANS & DUMONT LLP
500 South Grand Avenue, 19th Floor
Los Angeles, California 90071
(213) 228-0400 / (213) 228-0401 (Fax)
jwilliams@crdlaw.com / arynerson@crdlaw.com

Attorneys for Defendants,
County of Los Angeles, Deputy Quiroz, Deputy Guerrero, Deputy Jimenez, Sergeant Sanchez, Deputy Gurrola, Deputy Rios and Sergeant Ohandjanian

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLCOX and KATHLEEN ROSAS, in each case individually and as successor in interest to Ryan WILLCOX, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; DEPUTY D. BURMAK (#676810); DEPUTY QUIROZ (#617296); DEPUTY GUERRERO (#656468); DEPUTY JIMENEZ (#659993); DEPUTY GURROLA (#629159); DEPUTY RIOS (#661762); SERGEANT SANCHEZ (#514312); SERGEANT OHANDJANIAN (#466327); and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-08790-SRM-MAR<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

COME NOW Plaintiffs and Defendants and, pursuant to the Court's March 3, 2025, Reassignment Order (Dkt. 40), hereby submit the following joint case management statement.

///

-1-
JOINT CASE MANAGEMENT STATEMENT

**a. Case filing date**

The case was filed on October 11, 2024.

**b. Parties**

The plaintiffs are Richard Willcox and Kathleen Rosas, individually and as successors in interest to Ryan Willcox, deceased.

The defendants are the County of Los Angeles, Deputy D. Burmak (#676810), Deputy Quiroz (#617296), Deputy Guerrero (#656468), Deputy Jimenez (#659993), Deputy Gurrola (#629159), Deputy Rios (#661762), Sergeant Sanchez (#514312) and Sergeant Ohandjanian (#466327).

**c. Summary of claims**

The First Amended Complaint asserts the following claims:

1. Denial of Medical Care (42 U.S.C. § 1983)
2. Failure to Protect (42 U.S.C. § 1983)
3. Interference with Familial Relations (42 U.S.C. § 1983)
4. Supervisory Liability (42 U.S.C. §1983)
5. Municipal Liability – Failure to Train (42 U.S.C. § 1983)
6. Municipal Liability – Unconstitutional Custom, Policy, or Practice (42 U.S.C. § 1983)
7. Negligence (wrongful death and survival)
8. Negligence – Professional Medical Malpractice (wrongful death and survival)
9. Failure to Summon Medical Attention (Cal. Gov. § 845.6)
10. Bane Act (Cal. Civ. Code § 52.1)

**d. Brief description of underlying events**

On January 7, 2024, the plaintiffs' son, Ryan Willcox, hung himself while incarcerated at the Twin Towers Correctional facility.  He subsequently died on January 11, 2024.  The plaintiffs allege that the defendants failed to adequately

monitor Willcox, failed to follow suicide prevention protocols, and failed to provide adequate medical attention in the form of suicide prevention, resulting in his death. The defendants deny the plaintiffs' allegations.

    e. **Relief sought / damages claimed**

The First Amended Complaint prays for the following damages:

- For compensatory damages in whatever amount may be proven at trial, including both survival damages (including pre-death pain and suffering and loss of life and enjoyment of life) and wrongful death damages under federal and state law;
- For funeral and burial expenses, and loss of financial support;
- For punitive damages against the individual Defendants in an amount to be proven at trial;
- For statutory damages;
- For interest;
- For reasonable attorney's fees, including litigation expenses;
- For costs of suit; and
- For such further other relief as the Court may deem just, proper, and appropriate.

    f. **Status of discovery**

The case is in the early stages. The parties have exchanged written discovery. In the joint Rule 26(f) report, the parties proposed a discovery cut-off date of September 30, 2025.

    g. **Procedural history (motions, ADR, other proceedings)**

After being served, the defendants filed a Motion to Dismiss. Plaintiffs filed a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1). The served defendants again moved to dismiss. The hearing of that motion was initially noticed for March 28, 2025. Pursuant to the Court's reassignment order,

the motion is being re-noticed for hearing on April 10, 2025.

A scheduling conference was set by the court for March 28, 2025. In advance of that, the parties submitted a joint Rule 26(f) report on February 11, 2025 (Dkt. 33). Pursuant to the Reassignment Order (Dkt. 40), the scheduling conference was vacated.

The parties have not yet participated in ADR.

**h. Deadlines in place**

The parties submitted a joint Rule 26(f) report on February 11, 2025 (Dkt. 33). A Scheduling Order was never issued. Attached hereto as Exhibit "A" is a slightly modified proposed timetable of deadlines.

**i. Requested modification of dates**

No dates have been set by the court; therefore, there are none that need to be modified.

**j. Consent to magistrate**

The parties do not consent to a magistrate judge for trial.

**k. Need for case management conference**

The parties submitted a joint Rule 26(f) report on February 11, 2025 (Dkt. 33) and have attached a slightly modified proposed timetable of deadlines hereto as Exhibit "A". The parties do not believe that a case management conference is needed.

**l. Immediate relief sought**

The parties do not believe there is a need for immediate relief regarding the case schedule at this time.

| | | |
|---|---|---|
| DATED: March 18, 2025 | | LAW OFFICES OF DALE K. GALIPO |
| | By: | /s/ Renee V. Masongsong |
| | | DALE K. GALIPO |
| | | RENEE V. MASONGSONG |
| | | Attorneys for Plaintiffs |
| | | |
| DATED: March 18, 2025 | | CARPENTER, ROTHANS & DUMONT |
| | By: | /s/ Jill Williams |
| | | JILL WILLIAMS |
| | | ALEXANDER RYNERSON |
| | | Attorneys for Defendants, County of Los Angeles, Deputy Quiroz, Deputy Guerrero, Deputy Jimenez, Sergeant Sanchez, Deputy Gurrola, Deputy Rios and Sergeant Ohandjanian |